UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
In re:

FIBER OPTEK INTERCONNECT CORP.,

Debtor.
---------------------------------------X

Chapter 7
Case No. 05-30045 (CGM)

---------------------------------------X
MICHAEL O'LEARY, as Trustee in Bankruptcy for FIBER OPTEK INTERCONNECT CORP., and NEW YORK STATE DEPARTMENT OF LABOR,

Plaintiffs,

-against-

MICHAEL S. PASCAZI and FRANK P. ZAREKA, JR.,

Defendants.
---------------------------------------X

Adversary Proceeding No.
Case No. 05-30045 (CGM)

**ANSWER**

Defendant, FRANK P. ZAREKA Jr., by his attorneys, TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC, answering the complaint of the plaintiffs, alleges as follows:

NATURE OF THE ADVERSARY PROCEEDING

FIRST: Denies each and every allegation contained in the paragraph of the complaint numbered "1".

PARTIES

SECOND: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "3".

THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "4," "5," "6"

and "7" and respectfully refers all questions of law concerning the legal interpretation of the law to the trial court.

FOURTH: Concerning the allegations contained in paragraph “8” of the complaint admits that defendant FRANK P. ZARZEKA Jr. was at all relevant times the vice-president, secretary and treasurer and 50% shareholder of FIBER OPTEK and denies Zarzeka is an "insider" of FIBER OPTEK as defined in Bankruptcy Code § 101(3)(B) and respectfully refers all questions of law to the trial court.

FACTS

FIFTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the trial court; and the Agreement speaks for itself.

SIXTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the trial court and the contract speaks for itself.

SEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered "12" and "13" and the document speaks for itself.

EIGHTH: Admits each and every allegation contained in the paragraph of the complaint numbered "14" but legal pleadings speak

for themselves and respectfully refers questions of law to the trial court.

NINTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "15".

TENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law and the Court's transcript speaks for itself.

ELEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law and the Court's transcript speaks for itself.

TWELFTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "18" and respectfully refers all questions of law and said Agreement speaks for itself.

THIRTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "19" and respectfully refers all questions of law and said Agreement speaks for itself.

FOURTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "20" but legal pleadings speak for themselves and respectfully refers questions of law to the trial court.

FIFTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "21" but respectfully refers all questions of law to the trial court and the said Court order will speak for itself.

SIXTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "22" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

SEVENTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "23" and “24” but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

EIGHTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "25" and respectfully refers all questions of law to the trial court and said

decision speaks for itself, except admits that on October 27, 2004, Zarzeka withdrew his appeal.

NINTEENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "26" and respectfully refers all questions of law to the trial court.

TWENTIETH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "27" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

TWENTY-FIRST: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "28" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

TWENTY-SECOND: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "29" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

TWENTY-THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "30" but

respectfully refers all questions of law to the trial court and the said Court order will speak for itself.

AS TO THE FIRST CAUSE OF ACTION - FRAUDULENT CONVEYANCE WITH ACTUAL INTENT TO DEFRAUD (ASSERTED AGAINST BOTH DEFENDANTS)

TWENTY-FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "31" but respectfully refers all questions of law to the trial court.

TWENTY-FIFTH: Denies each and every allegation contained in the paragraph of the complaint numbered "32", and refers all questions of law to the trial court.

TWENTY-SIXTH: Denies each and every allegation contained in the paragraph of the complaint numbered "33", and refers all questions of law to the trial court.

AS TO THE SECOND CAUSE OF ACTION - FRAUDULENT CONVEYANCE WITHOUT REGARD TO ACTUAL INTENT (ASSERTED AGAINST BOTH DEFENDANTS

TWENTY-SEVENTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "34" and respectfully refers all questions of law to the trial court.

TWENTY-EIGHTH: Denies each and every allegation contained in the paragraphs of the complaint numbered "35" and "36", and respectfully refers all questions of law to the trial court.

AS TO THE THIRD CAUSE OF ACTION - FRAUDULENT FILING OF BANKRUPTCY PETITION (ASSERTED AGAINST DEFENDANT PASCAZI)

TENTY-NINTH: Denies each and every allegation contained in the paragraphs of the complaint numbered "37" as alleged.

THIRTIETH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "38" and respectfully refers all questions of law to the trial court.

THIRTY-FIRST: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "39" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

THIRTY-SECOND: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "40" but respectfully refers all questions of law concerning to the trial court and the said Court order will speak for itself.

THIRTY-THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraph of the complaint numbered "41" but respectfully refers all questions of law to the trial court and the said Court order will speak for itself.

THIRTY-FOURTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the complaint numbered

"42," "43," "44," "45," "46," "47," "48," "49," "50" and "51" and respectfully refers all questions of law to the trial court.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

THIRTY-FIFTH: The injuries and/or damages alleged to have been sustained by plaintiffs were caused in whole or partly by the culpable conduct of the plaintiffs and/or third parties.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTY-SIXTH: The allegations set forth within the complaint fail to state a claim upon which relief can be granted.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Plaintiffs failed to mitigate their damages.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiffs' causes of action are barred by the applicable statute of limitations, under Bankruptcy Code and New York State Law.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: There was no actual intent on the part of the defendant ZARZEKA to hinder, delay, or defraud either present or future creditors.

FORTIETH: A subsequent creditor may not attack as fraudulent a prior conveyance on the ground of actual intent to defraud under New York State Debtor and Creditor Law § 276 unless the actual intent

existed either specifically or generally with reference to the subsequent creditor.

FORTY-FIRST: The New York State Department of Labor (NYSDOL) is a subsequent creditor. Therefore the NYSDOL may not attack as fraudulent the NEON Settlement Agreement on the ground of actual intent under New York State Debtor and Creditor Law § 276 absent a showing of such intent, specifically or generally, with respect to the NYSDOL.

FORTY-SECOND: There is no such allegation of actual intent to defraud the NYSDOL vis-à-vis the NEON Settlement Agreement, therefore, the NYSDOL may not attack the NEON Settlement under New York State Debtor and Creditor Law § 276.

FORTY-THIRD: The same rule applies to all subsequent creditors which the Chapter 7 Trustee represents or purports to represent.

FORTY-FOURTH: To the extent the Chapter 7 Trustee asserts the rights of FIBER Consultants as a basis for its authority to bring this proceeding, same does not extend to defendant ZARZEKA since defendant ZARZEKA has satisfied FIBER Consultants' claims against him. Therefore, absent identification of some other qualified-unsecured creditor, the Chapter 7 Trustee has not the authority to bring this proceeding against ZARZEKA under Section § 544.

FORTY-FIFTH: All rights under § 544(b) of the Bankruptcy Code inure to the Chapter 7 Trustee alone and no one creditor is entitled to assert such claims; therefore the NYSDOL lacks standing as a plaintiff in this action.

FORTY-SIXTH: The doctrines of collateral estoppel, res judicata, and/or issue preclusion may not be wielded offensively by either the Chapter 7 Trustee or the NYSDOL.

FORTY-SEVENTH: Since the Trustee and the NYSDOL invoke, exclusively, the New York State Debtor and Creditor Law under § 544(b) of United States Bankruptcy Code, the Laws of the State of New York governing res judicata, collateral estoppel and issue preclusion control.

FORTY-EIGHTH: The Trustee and the NYSDOL allege that defendant ZARZEKA is "collaterally estopped from denying a fraudulent conveyance defined by New York State Debtor and Creditor Law § 276" by virtue of certain unspecified rulings in the State Court Fiber Consultant's Litigation. The burden is on the Trustee and the NYSDOL to specify the rulings claimed to support the allegations of collateral estoppel and to demonstrate identicality and decisiveness of the issue. Moreover, there was a lack of a full and fair opportunity for defendant ZARZEKA to litigate such issues since, upon information and belief, the State Court made no findings as to the actual intent of Mr. Zarzeka under § 276 nor was § 276 even invoked in the Fiber Consultants' case. Further, by law, Mr. Zarzeka had no ability to contest this § 544 proceeding since only creditors may invoke § 276 outside of Bankruptcy <u>and</u> since neither the Trustee nor the NYSDOL were parties to nor privy with parties to the State Court litigation.

FORTY-NINTH: The Second Cause of Action based upon § 273 of the New York State Debtor and Creditor Law fails as a matter of law since, upon information and belief, the NEON Settlement did not render debtor Fiber Optek insolvent, nor was debtor Fiber Optek insolvent at the time the NEON Settlement was consummated.

FIFTIETH: The Third Cause of Action alleges nothing on the part of defendant ZARZEKA, and the filing by defendant Pascazi was solely undertaken by Pascazi without the knowledge, consent or approval of ZARZEKA. Therefore, no actions undertaken by Mr. Pascazi with regard to the filing may be imputed to or otherwise held against Mr. Zarzeka with respect to this § 544 proceeding.

CROSS-CLAIM AGAINST DEFENDANT MICHAEL S. PASCAZI

AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT, MICHAEL S. PASCAZI, THE DEFENDANT, FRANK P. ZARZEKA JR., DEMANDS THAT THE ULTIMATE RIGHTS OF THIS DEFENDANT BY WAY OF CROSS-CLAIM AND/OR BY INDEMNIFICATION AND APPORTIONMENT OF RESPONSIBILITY, IF ANY, BE DETERMINED UPON THE TRIAL OF THE ISSUES HEREIN.

WHEREFORE, defendant, FRANK P. ZARZEKA, JR., demands judgment:

1. dismissing the complaint;

2. apportioning liability between plaintiff(s), co-defendant and this answering party; and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: Newburgh, New York
April 12, 2007

Yours, etc.,

TARSHIS, CATANIA, LIBERTH,
MAHON & MILLIGRAM, PLLC

By: */s/Nicholas A. Pascale*
NICHOLAS A. PASCALE
Attorneys for Defendant
FRANK P. ZARZEKA, JR.
One Corwin Court
P.O. Box 1479
Newburgh, New York 12550
Tel. No. (845) 565-1100

TO: ANDREW M. CUOMO
Attorney General of New York
120 Broadway
New York, New York 10271
Tel. No. (212) 416-8856
Attn.: Seth Kupferberg
Assistant Attorney General
Attorney for Plaintiff DOL

MICHAEL O'LEARY
Bankruptcy Trustee
225 Dolson Avenue, Suite 301
P.O. Box 929
Middletown, New York 10940
Tel. No. (845) 343-6227

MICHAEL PASCAZI
1 Clove Court
Hopewell Junction, NY 12533

ERIC J, SMALL, ESQ.
Office of the U.S. Trustee
74 Chapel Street
Albany, NY 12207

FRANK P. ZARZEKA, JR.
208 Pleasant Ridge Road
Poughkeepsie, NY 12570

PETER L. MAROULIS, ESQ.
104 Hooker Avenue
Poughkeepsie, NY 12601